**CHADBOURNE & PARKE LLP**
Counsel for the Petitioners
1301 Avenue of the Americas
New York, New York 10019
(212) 408-5215
Howard Seife
Francisco Vazquez
Eric Daucher

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------- x
In re                                                    :
                                                         :
OIC RUN-OFF LIMITED                                      :   In a Case Under Chapter 15
                                                         :   of the Bankruptcy Code
                                                         :
Debtor in a Foreign Proceeding.                          :   Case No. 15-13054
-------------------------------------------------------- x
In re                                                    :
                                                         :
THE LONDON AND OVERSEAS INSURANCE                        :   In a Case Under Chapter 15
COMPANY LIMITED                                          :   of the Bankruptcy Code
                                                         :
                                                         :
Debtor in a Foreign Proceeding.                          :   Case No. 15-13055
-------------------------------------------------------- x
```

### APPLICATION FOR ORDER LIMITING NOTICE, SCHEDULING HEARING AND SPECIFYING THE FORM AND MANNER OF SERVICE OF NOTICE

Dan Yoram Schwarzmann and Paul Anthony Brereton Evans (the "Petitioners"),[1] the

duly authorized foreign representatives, as defined in section 101(24) of title 11 of the United

States Code (the "Bankruptcy Code"), of OIC Run-Off Limited (subject to a scheme of

arrangement) ("Orion") and The London and Overseas Insurance Company Limited (subject to a

---

[1]    All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in
       the Verified Petition under Chapter 15 of the Bankruptcy Code for Recognition of Foreign Main
       Proceedings, a Permanent Injunction, and Related Relief filed in the above-captioned cases (the
       "Verified Petition").

scheme of arrangement) ("L&O," together with Orion, the "Companies"), by their United States

counsel, Chadbourne & Parke LLP, file this Application (the "Application") and respectfully

represent as follows:

## PRELIMINARY  STATEMENT

1.    The Petitioners, as foreign representatives of the Companies, have commenced

the above-captioned Chapter 15 cases (the "Chapter 15 Cases") by filing, for each of the Chapter

15 Cases, a form petition pursuant to Chapter 15 of the Bankruptcy Code and the Verified

Petition in support thereof contemporaneously with, and accompanied by, all certifications,

statements, lists and documents required pursuant to section 1515 of the Bankruptcy Code and

Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Pursuant to the Verified Petition, the Petitioners seek recognition of foreign main proceedings, as

defined in section 1502(4) of the Bankruptcy Code, as well as a permanent injunction and related

relief.

2.    Pursuant to this application, the Petitioners seek the entry of an order (the

"Proposed Order") in the form annexed hereto as Exhibit "A": (i) limiting notice; (ii) scheduling

a hearing on the relief sought in the Verified Petition; (iii) approving the notice in the form

annexed hereto as Exhibit "B" (the "Notice") of (a) the commencement of these Chapter 15

Cases, (b) the relief sought by the Petitioners and (c) the hearing to consider the Petitioners'

request for relief and specifying the manner of service of the Notice, including by way of

publication in the list annexed hereto as Exhibit "D"; and (iv) waiving issuance of a summons.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and

157 and the "Amended Standing Order of Reference" of the United States District Court for the

Southern District of New York (Preska, Loretta C.J.), dated January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

4.      Venue is properly located in this District pursuant to 28 U.S.C. § 1410.

## BACKGROUND

5.      The Companies are insurance and reinsurance companies incorporated in England and Wales.  In 1992, the Companies ceased writing new business and went into run-off. Thereafter, the Companies implemented the Original Scheme, which was approved by the Companies' respective Scheme Creditors on February 14, 1997 and sanctioned by the High Court on March 5, 1997.  On March 6, 1997, this Court issued the Permanent Injunction Order under former section 304 of the Bankruptcy Code (the "Permanent Injunction").  Pursuant to the Permanent Injunction Order, the Original Scheme was given full force and effect and made binding on and enforceable against all Scheme Creditors in the United States.  The Original Scheme became effective on March 7, 1997.

6.      The Companies have been in run-off for approximately 23 years and subject to the Original Scheme for approximately 18 years.  Initially, the Companies' run-off was managed by the directors of the Companies, followed by the Provisional Liquidators.  Following the Original Scheme coming into effect, the Companies' run-off has been managed by the Scheme Administrators.  During the run-off, which at all times has been managed in London, the majority of the Companies' liabilities have been agreed.  Most of the remaining liabilities are long-tail and may not crystallize into quantifiable claims for many years.

7.      The Petitioners, as Scheme Administrators, have concluded that it would be in the interests of the Scheme Creditors to implement the Amending Scheme.  The Amending Scheme is a crystallization scheme of arrangement, pursuant to which the Companies' remaining

liabilities, subject to certain exceptions, will be estimated and paid the Payment Percentage.  In addition to the Payment Percentage, those Scheme Creditors that are Qualifying ILU Policyholders will, upon satisfying certain conditions, receive further payments under the Amending Scheme.

8.     By the Verified Petition, the Petitioners seek an order of this Court under Chapter 15 of the Bankruptcy Code (i) granting recognition of the English proceedings pending before the High Court with respect to the Amending Scheme; and (ii) enforcing the Amending Scheme in the United States.

9.     The Court is respectfully referred to the Verified Petition for a more complete description of the Companies, the Amending Scheme and the circumstances leading to the filing of the Chapter 15 Cases.

## RELIEF  REQUESTED

### I.     Order Limiting Notice

10.     The Petitioners respectfully request that the requirement set forth in section 1514(c) of the Bankruptcy Code be waived in this instance.  Section 1514(c) of the Bankruptcy Code provides that "[w]hen a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim . . . ."  11 U.S.C. § 1514(c).  However, as explained in Collier, this section is the "last in a series of sections dealing with the international aspects of cases under chapters *other than chapter 15* that began with section 1511."  8 Collier on Bankruptcy ¶ 1514.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (emphasis added).  1514(a) Consequently, it is designed to ensure that foreign creditors receive proper notice in cases in the United States.  Id.  Given that the Petitioners are not seeking relief under Chapter 15 of the

Bankruptcy Code as to parties not in the jurisdiction of the United States, the Petitioners respectfully request that the requirements set forth in section 1514(c) be waived in this instance.

## II.    <u>Scheduling Hearing</u>

11.    Section 1517(c) of the Bankruptcy Code provides that a petition for recognition shall be decided "at the earliest possible time." Moreover, Bankruptcy Rule 1011(b) provides that a party objecting to the relief sought by a petition commencing an ancillary proceeding under Chapter 15 of the Bankruptcy Code has 21 days from service to respond thereto, and Rule 2002(q)(1) provides that parties are to be given 21 days' notice of a hearing to consider granting the relief requested in a Chapter 15 petition. <u>See</u> Fed. R. Bankr. P. 1011(b), 2002(q)(1). In addition, Rule 2002-4 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "<u>Local Bankruptcy Rules</u>") provide that "[a] foreign representative commencing a chapter 15 case shall forthwith give the notice required by Bankruptcy Rule 2002(q)(1) . . . ." Accordingly, the Petitioners request that the Court set a hearing (the "<u>Hearing</u>") on the Verified Petition for a date at least 21 days after service of the Notice, preferably on or about January 11, 2016 or soon thereafter.

12.    The Petitioners respectfully request that the Court also require that answers, objections or responses, if any, to the Verified Petition be made in writing describing the basis therefore and filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's electronic case filing system, and by all other parties in interest, on a CD-ROM, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with a hard copy to the Chambers of the United States Bankruptcy Judge assigned to this case, and served upon Chadbourne & Parke LLP, 1301 Avenue of the Americas, New York, New York 10019 (Attention: Francisco Vazquez) so as to be received on or before 4:00 p.m. (EST) on January 4, 2016.

13.     The Petitioners respectfully request that if any party files a notice of appearance in this case, the Petitioners shall serve the Notice and subsequent notices upon such party within ten days of the filing of such notice of appearance if such documents have not already been served on such party (or its counsel).

14.     The Petitioners respectfully request that service of subsequent notices in this case by United States mail, first class postage prepaid, upon only those parties that have filed notices of appearance or objections in this case be approved as adequate and sufficient service on all interested parties.

## III.     Service of Notice

15.     The Companies have approximately 30,000 potential Scheme Creditors in the United States.   All Scheme Creditors, including those in the United States, have received multiple notices of the Amending Scheme and the Petitioners' anticipated request for relief under Chapter 15 of the Bankruptcy Code.   Indeed, as set forth in the Amending Scheme, the issuance of an order under Chapter 15 of the Bankruptcy Code enforcing the Amending Scheme in the United States is a condition precedent to the implementation of the Amending Scheme.

16.     Scheme Creditors were first notified of the proposed Amending Scheme by a letter dated January 20, 2014 (the "Practice Statement Letter") in accordance with the Vice Chancellor's Practice Statement (Companies: Schemes of Arrangement) (dated April 15, 2002). The Practice Statement Letter provided notice that the Scheme Administrators had concluded that they, on behalf of the Companies, would propose the Amending Scheme and seek leave from the High Court to convene separate meetings of three different classes of Scheme Creditors for each Company for the purpose of considering and, if thought fit, approving the Amending Scheme.   The Practice Statement Letter refers the reader to the Companies' website, www.oicrun-offltd.com (the "Website").   The Companies have posted and maintained updated

information on the Companies' run-off on the Website.  In addition, the Petitioners, as Scheme Administrators, placed advertisements reiterating the information found in the Practice Statement letter in a wide range of newspapers, journals and publications throughout the world, including the United States.

17.    By application dated August 15, 2014 (the "Application for Leave"), the Petitioners requested an order from the High Court for leave to convene meetings of Scheme Creditors under the 2006 Act for the purpose of considering and, if thought fit, approving the Amending Scheme (the "Meetings").  The Application for Leave and the subsequent application for an order from the High Court sanctioning the Amending Scheme are new proceedings, separate and distinct from the Original Scheme.  By an Order dated October 8, 2014 (the "Convening Order"), the High Court granted the Application for Leave and ordered the Meetings to be held on December 11, 2014.  In addition, pursuant to the Convening Order, the High Court set forth the notice of the Meetings to be provided to Scheme Creditors.

18.    In accordance with the Convening Order, a summary of the Amending Explanatory Statement (the "Short Form Explanatory Statement") was sent to Scheme Creditors also enclosing the following documents:

(a)    a paper copy of the notice convening the Meetings;

(b)    a map showing the location of the Meetings; and

(c)    voting and proxy forms for use at the Meetings.

The Short Form Explanatory Statement referred Scheme Creditors to the Website from which copies of the Amending Scheme and the more detailed Amending Explanatory Statement could be downloaded.  Scheme Creditors were also made aware that they could request hard copies of the Amending Scheme from the Companies.

19.    The Scheme Administrators sent the Short Form Explanatory Statement and enclosures on or about October 8, 2014 by pre-paid first class mail or airmail (as appropriate) to (i) all potential and actual Scheme Creditors known by the Scheme Administrators whose contact details are listed on a database created by the Scheme Administrators (the "NADB") and  (ii) each broker, intermediary or other person through which the Companies wrote business or acquired reinsurance known by the Scheme Administrators whose contact details are listed on the NADB.  As of October 8, 2014, the NADB contained 68,435 names and addresses.  Notice of the Meetings was posted on the Website and advertised in the newspapers, journals, and publications, listed on Exhibit "C," between October 15, 2014  and November 25, 2014 in accordance with the Convening Order.  In addition, copies of all of the documents accompanying the Short Form Explanatory Statement were made available on the Website.

20.    In accordance with the Convening Order, the results of the voting at the Meetings were published on the Website.  In addition, a notice informing Scheme Creditors that the High Court had scheduled a hearing to consider the Petitioners' application for an order sanctioning the Amending Scheme for October 28, 2015 (and an adjournment until October 29, 2015) was published on the Website.  The Amending Scheme was sanctioned by the High Court by an Order dated October 29, 2015 (the "Sanction Order").  Notice of the Sanction Order was also published on the Website.

21.    Because of the extensive notice previously provided to Scheme Creditors in the United States, the Petitioners submit that service of the Notice, which would include a summary of the relief requested in the Chapter 15 Cases, the date of the hearing to consider the relief requested, and the deadline to object to such relief, by United States First Class Mail, upon all known Scheme Creditors and all other parties in interest (or their counsel) that have addresses in

the United States, in accordance with Bankruptcy Rules 1010, 1011 and 2002(a), on or before

November 23, 2015, and, where possible, by publication of the Notice in the United States

publications listed on Exhibit "D", including The New York Times (national edition), The Wall

Street Journal (national edition) and Business Insurance magazine, on or before December 14,

2015 would constitute adequate and sufficient notice of the Chapter 15 Cases and the relief

sought therein.  Accordingly, the Petitioners respectfully request that this Court approve the

foregoing manner of service pursuant to Bankruptcy Rules 9007 and 9008, which permit this

Court to prescribe the time, form and manner in which notice shall be given, including the

authority to authorize the form and manner of notice by publication.  See Fed. R. Bankr. P. 9007,

9008.

22.    The Petitioners respectfully request that this Court permit service of the Notice,

by United States First Class Mail, upon all United States Scheme Creditors and other parties-in-

interest located in the United States that are known to the Petitioners as of the date hereof and for

whom the Petitioners have addresses, at their last known address, on or before November 23,

2015.  To the extent that the Petitioners become aware of additional (i) Scheme Creditors,

(ii) holders of Claims against the Companies, (iii) beneficiaries of letters of credit established by,

on behalf or at the request of, the Companies, (iv) parties to trust or escrow agreements or other

arrangements in which a Company has an interest, or (v) parties to actions, arbitrations, or other

proceedings in which a Company is named as a party after the date hereof, counsel for the

Petitioners will serve a copy of the Notice upon such parties that are located in the United States.

23.    The Petitioners undertook a review of the Companies' records and compiled a list

of known United States Scheme Creditors and other parties-in-interest located in the United

States for whom the Petitioners had addresses for as of the date of the filing of the Verified

Petition. Despite the extensive search that the Companies have conducted, the Petitioners believe that there may be additional United States Scheme Creditors and parties-in-interest located in the United States for whom they will not be able to obtain names and/or addresses. The most expedient and cost-effective means of effecting service of process upon and notifying such United States Scheme Creditors and other parties-in-interest located in the United States of the hearing to consider the relief requested by the Verified Petition is by publication of the Notice in the publications listed on Exhibit "D." The Notice contains information on how parties-in-interest can obtain a copy of the Verified Petition and the other documents filed in the Chapter 15 Cases.

24.    The Petitioners respectfully submit that service of the Notice by United States First Class Mail upon United States Scheme Creditors and other parties-in-interest located in the United States that are known to the Petitioners and for whom addresses have been obtained, together with publication of the Notice in the manner prescribed above, shall constitute good and sufficient service upon such Scheme Creditors and other parties-in-interest located in the United States in compliance with Bankruptcy Rules 1010, 1011 and 2002(q) and Local Bankruptcy Rule 2002-4. Similar relief has been granted by this Court in other Chapter 15 cases. See, e.g., Order Specifying Form and Manner of Service of Notice, In re Baloise Insurance Ltd., No. 10-15358 (Bankr. S.D.N.Y. Oct. 21, 2010), Docket No. 12; Order Specifying Form and Manner of Service of Notice, In re Oilsands Quest Inc., No., 12-10476 (Bankr. S.D.N.Y. Feb. 8, 2012), Docket No. 10.

## IV.    Waiver of Summons

25.    The Petitioners seek recognition of the English Proceedings as "foreign main proceedings" under section 1517(b)(1) of the Bankruptcy Code. According to Bankruptcy Rule 1010, upon the filing of a petition for recognition of a foreign nonmain proceeding, the clerk

shall issue a summons for service. Bankruptcy Rule 1010, however, further provides that "[w]hen a petition for recognition of a foreign nonmain proceeding is filed, service [of such summons] shall be made on the debtor, any entity against whom provisional relief is sought under § 1519 of the Code, and on any other parties as the court may direct." Fed. R. Bankr. P. 1010.  The Petitioners believe that its proposed method of service is reasonably calculated to notify the creditors required to be notified under the Bankruptcy Rules of the Verified Petition. The Petitioners also intend to make all pleadings available by request to their counsel as set forth in the Notice.  The Petitioners believe that given the information provided in the Notice, service of a summons is not necessary and will only cause confusion to creditors as to what, if any, action is required of them.  Accordingly, the Petitioners respectfully request waiver of the requirement under Bankruptcy Rule 1010 to serve the Verified Petition and a summons on all of the creditors of the Petitioning Companies required to be notified under the Bankruptcy Rules.

WHEREFORE, the Petitioners respectfully request entry of an order in the form attached hereto as Exhibit "A" and that the Petitioners be granted such other and further relief as this Court deems proper.

Dated:  New York, New York
         November 16, 2015

**CHADBOURNE & PARKE LLP**

By: */s/ Howard Seife*
     Howard Seife
     A Member of the Firm
     1301 Avenue of the Americas
     New York, New York 10019
     (212) 408-5215

     *Counsel for the Petitioners*

11

**<u>Exhibit A</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re                                                           :
                                                                :
OIC RUN-OFF LIMITED and THE LONDON AND    :   In a Case Under Chapter 15
OVERSEAS INSURANCE COMPANY LIMITED        :   of the Bankruptcy Code
                                                                :
Debtors in Foreign Proceedings.                  :   Case No. 15-_____
---------------------------------------------------------------- x

**ORDER LIMITING NOTICE, SCHEDULING HEARING AND**
**SPECIFYING THE FORM AND MANNER OF SERVICE OF NOTICE**

Upon the *Application for Order Limiting Notice, Scheduling Hearing and Specifying the Form and Manner of Service of Notice* (the "Application")[1] of Dan Yoram Schwarzmann and Paul Anthony Brereton Evans (the "Petitioners"), the duly authorized foreign representatives of OIC Run-Off Limited (subject to a scheme of arrangement) ("Orion") and The London and Overseas Insurance Company Limited (subject to a scheme of arrangement) ("L&O," together with Orion, the "Companies"), for an Order Limiting Notice, Scheduling Hearing and Specifying the Form and Manner of Service of Notice, made pursuant to sections 105, 1514 and 1515 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007, 1010, 1011, 2002, 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-4 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"); it is hereby

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

**ORDERED**, that a hearing (the "Hearing") to consider the Chapter 15 petitions (the "Petitions") and the Petitioners' request for recognition of the Amending Scheme, for a permanent injunction and related relief shall be held before this Court, in Room ___ of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, on _____, or as soon thereafter as counsel may be heard (the "Return Date"); and it is further

**ORDERED**, that the form of notice of hearing annexed to the Application as Exhibit "B" (the "Notice") is hereby approved; and it is further

**ORDERED**, that all notice requirements specified in section 1514 of the Bankruptcy Code are hereby waived; and it is further

**ORDERED**, that the requirement pertaining to service of the petitions and summons specified in Bankruptcy Rule 1010 is hereby waived; and it is further

**ORDERED**, that copies of the Notice shall be served by United States mail, first-class postage prepaid upon all known Scheme Creditors and other parties specified in the Application on or before November 23, 2015, or as soon thereafter as practicable; and it is further

**ORDERED**, that service of the Notice shall be effected, in accordance with Bankruptcy Rules 1010, 9007 and 9008 and Local Bankruptcy Rule 2002-4, by publication of a notice substantially in the form of the Notice on the Companies' website and, where possible, in the publications listed in Exhibit "D" to the Application on or before December 14, 2015; and it is further

**ORDERED**, that if any party files a notice of appearance in this case, the Petitioners shall serve the Notice and subsequent notice upon such party within 10 days of the

filing of such notice of appearance if such documents have not already been served on such party (or its counsel); and it is further

**ORDERED**, that service of subsequent notices in this case shall be effected by United States mail, first class postage prepaid, upon only those parties that have filed notices of appearance or objections in this case; and it is further

**ORDERED**, that answers, objections or responses, if any, to the Verified Petition be made in writing describing the basis therefore and filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's electronic case filing system, and by all other parties in interest, on a CD-ROM, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with a hard copy to the Chambers of the Honorable _____, United States Bankruptcy Judge, and served upon Chadbourne & Parke LLP, 1301 Avenue of the Americas, New York, New York 10019 (Attention: Francisco Vazquez) so as to be received on or before 4:00 p.m. (EST) on January 4, 2016; and it is further

**ORDERED**, that the Hearing may be adjourned from time to time without notice other than an announcement in open court at the Hearing or the adjourned date of the Hearing; and it is further

**ORDERED**, that service of the Notice in accordance with this Order is hereby approved as adequate and sufficient service and adequate notice of the hearing to consider the Petitioners' request for an order granting recognition to the English Proceedings, enforcing the Amending Scheme in the United States and granting related relief, including injunctive relief.

Dated: New York, New York
      _____, 2015

                                    _____
                                    United States Bankruptcy Judge

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------- x
```
In re                                                         :
                                                              :
OIC RUN-OFF LIMITED and THE LONDON AND    :   In a Case Under Chapter 15
OVERSEAS INSURANCE COMPANY LIMITED       :   of the Bankruptcy Code
                                                              :
Debtors in Foreign Proceedings.                   :   Case No. 15-_____
```
--------------------------------------------------------------- x
```

### NOTICE OF FILING AND HEARING ON PETITIONS SEEKING RECOGNITION OF FOREIGN MAIN PROCEEDINGS PURSUANT TO CHAPTER 15 OF THE UNITED STATES BANKRUPTCY CODE

      **PLEASE TAKE NOTICE** that on _____ Dan Yoram Schwarzmann and Paul Anthony Brereton Evans (the "Petitioners"), the duly authorized foreign representatives of the above-captioned debtors (together, the "Companies") commenced cases (the "Chapter 15 Cases") by filing petitions (the "Petitions"), pursuant to Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

      **PLEASE TAKE FURTHER NOTICE** that by an Order dated _____, 2015, the Chapter 15 Cases are being jointly administered for procedural purposes only and all pleadings filed in the Chapter 15 cases should bear the above-referenced caption.

      **PLEASE TAKE FURTHER NOTICE** that the Petitioners are requesting recognition of foreign main proceedings, as well as a permanent injunction and related relief.

      **PLEASE TAKE FURTHER NOTICE** that the Petitioners seek, among other things, entry of an order giving full force and effect in the United States to a crystallization scheme of arrangement (the "Amending Scheme") proposed by the Companies and sanctioned pursuant, to Part 26 of the Companies Act 2006 of the United Kingdom, by the High Court of Justice of England and Wales, a permanent injunction and related relief.

      **PLEASE TAKE FURTHER NOTICE** that in addition to the Petitions, the Petitioners filed, among other things: (i) the list required to be filed with each of the Scheme Companies' Petition pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (ii) the Statement of Foreign Representative required to be filed with each of the Scheme Companies' Petition pursuant to section 1515 of the Bankruptcy Code; (iii) the Verified Petition under Chapter 15 of the Bankruptcy Code for Recognition of Foreign Proceedings, a Permanent Injunction and Related Relief; (iv) the Memorandum of Law in Support of Verified Petition under Chapter 15 of the Bankruptcy Code for Recognition of Foreign Main Proceedings, a Permanent Injunction and Related Relief; and (v) the Declaration of Joseph Bahlsen Bannister, English Counsel (collectively, the "Supporting Documents").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order Limiting Notice, Scheduling Hearing and Specifying the Form and Manner of Service of Notice, dated _____ the Bankruptcy Court has scheduled a hearing (the "Recognition Hearing") for _____ before the Honorable _____ in Courtroom ___ of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408 to consider the Petitions and any responses or objections thereto.

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to submit a answer, objection or response, if any, to the Petitions must do so pursuant to the Bankruptcy Code and the Local and Bankruptcy Rules, including, without limitation, Bankruptcy Rule 1011, in writing describing the basis therefore and filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's electronic case filing system, and by all other parties in interest, on a CD-ROM, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with a hard copy to the Chambers of the Honorable _____, United States Bankruptcy Judge, and served upon Chadbourne & Parke LLP, 1301 Avenue of the Americas, New York, New York 10019 (Attention: Francisco Vazquez) as counsel for the Petitioners so as to be received on or before 4:00 p.m. (EST) on January 4, 2016.

**PLEASE TAKE FURTHER NOTICE** that all parties-in-interest opposed to the Petitions or the Petitioners' request for relief must appear at the Hearing at the time and place set forth above;

**PLEASE TAKE FURTHER NOTICE** that if no response or objection is timely filed and served as provided above, the Bankruptcy Court may grant the recognition and relief requested by the Petitioners without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that certain policyholders of the Companies may have a policy written through a broker facility (which includes brokers covers, broker lineslips and binding authorities) and may not know the identity of the insurance company. A full list of known broker facilities is available on the Petitioners' website (www.oicrun-offltd.com). These include, among others, the following:

A.B.C. Excess (Aircraft Builders Council)
A.B.C. Master Agreement (Aircraft Builders Council)
A.I.A.A. Aviation Excess of Loss Reinsurance Agreement (American International Aviation Agency Inc)
Alexander Howden Reinsurance Brokers Limited Marine Excess of Loss Pool
C.T. Bowring & Co Aviation Liability Line Slip (B500 Contract)
C.T. Bowring General Non Marine Master Cover
C.T. Bowring Marine Master Cover
Hull & Co (UK) Ltd Line Slip HC.013
London Special Risks Liability Line Slip No. LSR056
Price Forbes Brokers Cover
Price Forbes Line Slip
Sedgwick Collins Lloyds Brokers Line Slip

Sedgwick Offshore Resources Master Drilling Rig Line Slip (M.D.R.C)
Steel Burrill Jones Oil & Gas Line Slip
Willis Faber & Dumas Brokers Line Slip

**PLEASE TAKE FURTHER NOTICE** that at the hearing, the Court may order the scheduling of a case management conference to consider the efficient administration of the case.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court at the Recognition Hearing of the adjourned date or dates or any further adjourned hearing.

**PLEASE TAKE FURTHER NOTICE** that the details regarding the filing and processing of claims are set forth in the Amending Scheme, and no claims should be filed in these Chapter 15 Cases.

**PLEASE TAKE FURTHER NOTICE** that copies of the Petitions, the Supporting Documents, and the Amending Scheme Documents are available (1) on the Bankruptcy Court's Electronic Case Filing System, which can be accessed from the Bankruptcy Court's website at https://ecf.nysb.uscourts.gov/ (a PACER login and password are required to retrieve a document), (2) on the Petitioners' website, www.oicrun-offltd.com, or (3) upon written request to the Petitioners' counsel addressed to:

Chadbourne & Parke LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone (212) 408-5215
Facsimile (212) 541-5369
Attention: Francisco Vazquez
fvazquez@chadbourne.com

Dated: New York, New York
        November __, 2015

**CHADBOURNE & PARKE LLP**

By: _____
        Howard Seife
        A Member of the Firm
        1301 Avenue of the Americas
        New York, New York 10019
        (212) 408-5215

        *Counsel for the Petitioners*

**Exhibit C**

**List of Publications Where Notice of the Meetings Was Published**

| Publication | Date of Publication |
|---|---|
| 1.  Aviation Week | 10/20/2014 |
| 2.  Tradewinds | 10/21/2014 |
| 3.  Maritime Market Magazine | Online – November 2014[1] |
| 4.  Maritime Reporter and Engineering News | 11/14/2014 |
| 5.  Maritime Professional | Online – November 2014[1] |
| 6.  Maritime Journal | 11/25/2014 |
| 7.  American Shipper Magazine | November - December 2014 edition |
| 8.  Risk Magazine | 11/3/2014 |
| 9.  The Insurance Receiver | Online – November 2014[1] |
| 10. Insurance Journal Magazine | 11/3/2014 |
| 11. Asbestos, Environmental and Toxic Torts (Andrews-Westlaw) | Asbestos 11/7/2014, Environmental 10/29/2014, Toxic 10/30/2014 |
| 12. Lloyd's List | 10/17/2014 |
| 13. The Financial Times (UK and International) | 10/15/2014 |
| 14. Wall Street Journal (International) | 10/16/2014 |
| 15. The International New York Times | 10/16/2014 |
| 16. The Times | 10/15/2014 |
| 17. The Scottish Sun | 10/15/2014 |
| 18. Post Magazine | 10/17/2014 |
| 19. Insurance Day | 10/17/2014 |
| 20. Wall Street Journal USA) | 10/16/2014 |
| 21. Business Insurance | 10/27/2014 |
| 22. The Washington Post | 10/24/2014 |
| 23. The New York Times | 10/16/2014 |
| 24. The Los Angeles Times | 10/16/2014 |
| 25. The San Francisco Chronicle | 10/17/2014 |
| 26. The San Jose Mercury News | 10/17/2014 |

---

[1]  It was not possible to publish notice of the Meetings prior to the date of the Meetings in Maritime Market Magazine, Maritime Professional and Insurance Receiver because they are quarterly publications.  Instead, a short banner was placed in November 2014 on their respective websites advising Scheme Creditors of the location and date of the Meetings and providing details of the Website where the notice of the Meetings could be viewed in full.

| Publication | Date of Publication |
| --- | --- |
| 27. The Dallas Morning News | 10/17/2014 |
| 28. The Houston Chronicle | 10/17/2014 |
| 29. The Fort Worth Star-Telegram | 10/17/2014 |
| 30. The Tampa Bay Times | 10/17/2014 |
| 31. The Orlando Sentinel | 10/17/2014 |
| 32. The Sun Sentinel | 10/17/2014 |
| 33. The Miami Herald | 10/17/2014 |
| 34. The Chicago Tribune | 10/17/2014 |
| 35. The Milwaukee Journal Sentinel | 10/17/2014 |
| 36. The Times-Picayune | 10/17/2014 |
| 37. New Orleans City Business | 10/17/2014 |
| 38. The Des Moines Register | 10/17/2014 |
| 39. The Gazette (Iowa) | 10/17/2014 |
| 40. The Quad Cities Times | 10/17/2014 |
| 41. The Iowa Falls Times Citizen | 10/17/2014 |
| 42. The Hartford Courant | 10/17/2014 |
| 43. The New Haven Register | 10/17/2014 |
| 44. The Connecticut Post | 10/17/2014 |
| 45. The Providence Journal | 10/17/2014 |
| 46. The Newport Daily News | 10/17/2014 |
| 47. The Bergen Record | 10/17/2014 |
| 48. The Asbury Park Press | 10/17/2014 |
| 49. The Beaumont Enterprise | 10/17/2014 |
| 50. The Advocate | 10/17/2014 |
| 51. The Columbia Star | 10/17/2014 |
| 52. The Pittsburg Post-Gazette | 10/17/2014 |
| 53. The Florida Times-Union | 10/17/2014 |
| 54. The Atlanta Journal Constitution | 10/17/2014 |
| 55. The Cleveland Plain Dealer | 10/17/2014 |
| 56. The Tulsa World | 10/17/2014 |
| 57. The Richmond Times-Dispatch | 10/17/2014 |
| 58. USA Today | 10/16/2014 |
| 59. El Nuevo Dia | 10/17/2014 |
| 60. Pacific Daily News | 10/17/2014 |
| 61. Globe & Mail | 10/17/2014 |
| 62. La Presse | 10/17/2014 |
| 63. Les Echos | 10/17/2014 |
| 64. Le Parisien / Aujourd'hui en France | 10/17/2014 |
| 65. De Tijd | 10/17/2014 |

| Publication | Date of Publication |
|---|---|
| 66. L'Echo | 10/17/2014 |
| 67. Bild | 10/17/2014 |
| 68. Frankfurter Allgemeine Zeitung | 10/17/2014 |
| 69. La Repubblica | 10/17/2014 |
| 70. NRC Handelsblad | 10/17/2014 |
| 71. De Volkskrant | 10/17/2014 |
| 72. El Pais | 10/17/2014 |
| 73. Australian Financial Review | 10/17/2014 |
| 74. New York Law Journal | 10/17/2014 |
| 75. National Law Journal | 10/20/2014 |
| 76. The Irish News | 10/15/2014 |
| 77. The Belfast Newsletter | 10/15/2014 |
| 78. The Daily Record | 10/15/2014 |
| 79. South Wales Evening Post | 10/15/2014 |
| 80. Wisconsin State Journal | 10/17/2014 |

**<u>Exhibit D</u>**

**List of Publications for Service of Notice**

1.       The Wall Street Journal (National);

2.       The Wall Street Journal (International);

3.       Business Insurance;

4.       International New York Times (formerly International Herald Tribune);

5.       Washington Post;

6.       The New York Times;

7.       Los Angeles Times;

8.       San Francisco Chronicle;

9.       San Jose Mercury News;

10.      Dallas Morning News;

11.      Houston Chronicle;

12.      Fort Worth Star-Telegram;

13.      Tampa Bay Times;

14.      Orlando Sentinel;

15.      Ft. Lauderdale Sun Sentinel;

16.      Miami Herald;

17.      Chicago Tribune;

18.      Milwaukee Journal Sentinel;

19.      Wisconsin State Journal;

20.      New Orleans Times-Picayune;

21.      Des Moines Register;

22.      Cedar Rapids Gazette;

23.        Quad Cities Times;

24.        Iowa Falls Times Citizen;

25.        Hartford Courant;

26.        New Haven Register;

27.        Connecticut Post;

28.        Providence Journal;

29.        Newport Daily News;

30.        Bergen Record;

31.        Asbury Park Press;

32.        Beaumont Enterprise;

33.        Baton Rouge Advocate;

34.        Columbia Star;

35.        Pittsburgh Post-Gazette;

36.        Florida Times-Union;

37.        Atlanta Journal Constitution;

38.        Cleveland Plain Dealer;

39.        Tulsa World;

40.        Richmond Times-Dispatch;

41.        USA Today;

42.        Aviation Week;

43.        Tradewinds;

44.        New York Law Journal;

45.        Insurance Journal Magazine;

46.  Andrews-Westlaw:  Asbestos, Environmental and Toxic Torts;

47.  National Law Journal;

48.  Shreveport Times;

49.  Milwaukee Business Journal;

50.  Capital Times;

51.  The New Orleans City Business;

52.  Risk Management Magazine;

53.  Maritime Market Magazine;

54.  Maritime Reporter and Engineering News;

55.  Maritime Professional;

56.  Maritime Journal;

57.  American Shipper Magazine;

58.  Insurance Receiver;

59.  Wisconsin Law Journal;

60.  Midland Daily News;

61.  El Nuevo Dia; and

62.  Pacific Daily News.