**CHADBOURNE & PARKE LLP**
Counsel for the Petitioners
1301 Avenue of the Americas
New York, New York 10019
(212) 408-5215
Howard Seife
Francisco Vazquez
Eric Daucher

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x
In re                                                          :
                                                               :
OIC RUN-OFF LIMITED                                            : In a Case Under Chapter 15
                                                               : of the Bankruptcy Code
                                                               :
Debtor in a Foreign Proceeding.                                : Case No. 15-13054
-------------------------------------------------------------- x
In re                                                          :
                                                               :
THE LONDON AND OVERSEAS INSURANCE                              : In a Case Under Chapter 15
COMPANY LIMITED                                                : of the Bankruptcy Code
                                                               :
                                                               :
Debtor in a Foreign Proceeding.                                : Case No. 15-13055
-------------------------------------------------------------- x

**MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION**
**OF CHAPTER 15 CASES PURSUANT TO 11 U.S.C. § 1519**

Dan Yoram Schwarzmann and Paul Anthony Brereton Evans (the "Petitioners"),[1] as the duly authorized foreign representatives, as defined in section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), of OIC Run-Off Limited (subject to a scheme of arrangement) ("Orion") and The London and Overseas Insurance Company Limited (subject to a

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Verified Petition under Chapter 15 of the Bankruptcy Code for Recognition of Foreign Main Proceedings, for a Permanent Injunction, and Related Relief filed in the above-captioned cases (the "Verified Petition").

scheme of arrangement) ("L&O," together with Orion, the "Companies"), by their United States counsel, Chadbourne & Parke LLP, hereby respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the "Amended Standing Order of Reference" of the United States District Court for the Southern District of New York (Preska, Loretta C.J.), dated January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2. Venue is properly located in this District pursuant to 28 U.S.C. § 1410.

## BACKGROUND

3. The Petitioners, as foreign representatives of the Companies, have commenced the above-captioned Chapter 15 cases (the "Chapter 15 Cases") by filing, for each of the Chapter 15 Cases, a form petition pursuant to Chapter 15 of the Bankruptcy Code and the Verified Petition in support thereof (collectively, the "Petitions") contemporaneously with, and accompanied by, all certifications, statements, lists and documents required pursuant to section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Pursuant to the Petitions, the Petitioners seek recognition of foreign main proceedings, as defined in section 1502(4) of the Bankruptcy Code, as well as a permanent injunction and related relief.

4. The Court is respectfully referred to the Verified Petition for a more complete description of the English Proceedings and the circumstances leading to the filing of the Chapter 15 Cases.

## RELIEF REQUESTED

5. By this Motion, the Petitioners seek entry of an order, substantially in the form annexed hereto as Exhibit "A," directing the joint administration of the Chapter 15 Cases for

procedural purposes only.

6. The Petitioners request that such relief apply generally to both of the Chapter 15 Cases and that any pleadings filed after the date hereof bear the following joint administration caption:

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------- x
In re                                                            :
                                                                 :
OIC RUN-OFF LIMITED and THE LONDON AND                           :   In a Case Under Chapter 15
OVERSEAS INSURANCE COMPANY LIMITED                               :   of the Bankruptcy Code
                                                                 :
Debtors in Foreign Proceedings.                                  :   Case No. 15-13054
---------------------------------------------------------------- x
```

The Petitioners request that no other information beyond that set forth above be required.

7. The Petitioners also seek this Court's direction that a notation substantially similar to the following notation be entered on the docket in each of the Chapter 15 Cases to reflect the joint administration of these cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 15 cases of OIC Run-Off Limited and The London and Overseas Insurance Company Limited. The docket in Case No. 15-13054 should be consulted for all matters affecting this case.

**JOINT ADMINISTRATION IS WARRANTED**

8. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). In this instance, L&O is a subsidiary of Orion with all of the shares in L&O being beneficially owned by Orion. The Companies are therefore "affiliates" within the meaning of section 101(2) of the Bankruptcy Code, and accordingly, this Court has authority to

3

grant the relief requested herein.

9. Moreover, section 1519 of the Bankruptcy Code permits this Court, upon the filing of a petition under Chapter 15, to grant relief, including appropriate relief under section 1521(a)(7) of the Bankruptcy Code, where "urgently needed to protect the assets of the debtor or interests of creditors." 11 U.S.C. § 1519. Section 1521(a)(7) of the Bankruptcy Code permits this Court, upon request of a foreign representative to grant any "additional relief that may be available to a trustee," which would include joint administration. 11 U.S.C. § 1521. The Petitioners respectfully submit that joint administration of the Chapter 15 Cases is urgently needed to protect the assets of the Companies and the interests of creditors.

10. By separate application, the Petitioners have requested, in accordance with section 1517 of the Bankruptcy Code, that this Court set a date for the hearing on the Petitions and the request for enforcement of the Amending Scheme in the United States, a permanent injunction and related relief at the earliest possible time after January 11, 2016.

11. Bankruptcy Rule 2002(q)(1) provides that parties are to be given 21 days' notice of a hearing to consider granting the relief requested in a Chapter 15 petition. See Fed. R. Bankr. P. 2002(q)(1). In order to ensure that the Scheme Creditors and other parties in interest have proper and sufficient notice (including by way of publication) of the hearing to consider recognition, the Petitioners respectfully submit that the relief requested is urgently needed. Any delay in joint administration could delay the preparation, publication and service of notice.

12. Moreover, the Petitioners respectfully submit that joint administration would protect the assets of the Companies and the interests of creditors. If joint administration is ordered, the Petitioners will be able to preserve assets and avoid considerable unnecessary time and expense, by obviating the necessity for filing duplicative motions, requesting duplicate orders and forwarding duplicate notices to creditors and parties-in-interest in the Chapter 15 Cases.

4

13. Additionally, joint administration will be less expensive and more efficient than the separate administration of the Companies' estates because joint administration will permit the Court to use a single docket for all the Chapter 15 Cases and to combine notices to Scheme Creditors and other parties in interest of the Companies. Indeed, because of the nature of this case, the Petitioners anticipate that certain pleadings in these Chapter 15 Cases will affect both of the Companies and all of their Scheme Creditors. Thus, joint administration will avoid a duplicative and potentially confusing filing process.

14. Furthermore, the interests of creditors will not be adversely affected because this motion requests only administrative consolidation of the Chapter 15 Cases. All creditors and other parties in interest will retain whatever claims, interests, or other rights they have in or against each Company and its estate. Indeed, the joint administration of the cases will ensure that all creditors may look to one bankruptcy case docket to file any appropriate pleadings.

## NOTICE

15. The Petitioners request that the Court grant this Motion without notice to creditors. The Petitioners will serve notice of the entry of the signed order approving this Motion on Scheme Creditors and other parties in interest located in the United States in accordance with the procedures set forth in the Application for Order Limiting Notice, Scheduling Hearing and Specifying Form and Manner of Service of Notice filed contemporaneously herewith. In light of the nature of the relief requested, the Petitioners submit, and request that this Court hold, that no further notice is required.

16. No prior request for the relief sought herein has been made to this or any other court.

5

## **CONCLUSION**

WHEREFORE, the Petitioners respectfully request that the Court grant the Motion and order the joint administration of the Chapter 15 Cases pursuant to 11 U.S.C. § 1519, and such other and further relief as the Court deems appropriate.

Dated: New York, New York
November 16, 2015

**CHADBOURNE & PARKE LLP**


By: */s/ Howard Seife*
Howard Seife
A Member of the Firm
1301 Avenue of the Americas
New York, New York 10019
(212) 408-5215

*Counsel for the Petitioners*

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
In re                                                         :
                                                              :
OIC RUN-OFF LIMITED                                           :   In a Case Under Chapter 15
                                                              :   of the Bankruptcy Code
                                                              :
Debtor in a Foreign Proceeding.                               :   Case No. 15-13054
------------------------------------------------------------- x
In re                                                         :
                                                              :
THE LONDON AND OVERSEAS INSURANCE                             :   In a Case Under Chapter 15
COMPANY LIMITED                                               :   of the Bankruptcy Code
                                                              :
                                                              :
Debtor in a Foreign Proceeding.                               :   Case No. 15-13055
------------------------------------------------------------- x

## ORDER DIRECTING JOINT ADMINISTRATION OF
## CHAPTER 15 CASES PURSUANT TO 11 U.S.C. § 1519

Upon the motion (the "Motion") of Dan Yoram Schwarzmann and Paul Anthony Brereton Evans (the "Petitioners"), the duly authorized foreign representatives of OIC Run-Off Limited (subject to a scheme of arrangement) ("Orion") and The London and Overseas Insurance Company Limited (subject to a scheme of arrangement) ("L&O," together with Orion, the "Companies"), for an order, pursuant to 11 U.S.C. § 1519, directing the joint administration of the above-captioned cases (the "Chapter 15 Cases") for procedural purposes only, and upon consideration of the Motion and the arguments contained therein; and the Court having determined that no other or further notice need be given and sufficient cause appearing therefore, it is hereby

**ORDERED**, that the Chapter 15 Cases shall be jointly administered, for procedural purposes only, in accordance with the terms of this Order; and it is further

**ORDERED**, that the caption of the jointly administered cases shall be as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re                                                            :
                                                                 :
OIC RUN-OFF LIMITED and THE LONDON AND   :   In a Case Under Chapter 15
OVERSEAS INSURANCE COMPANY LIMITED       :   of the Bankruptcy Code
                                                                 :
Debtors in Foreign Proceedings.                          :   Case No. 15-13054
---------------------------------------------------------------- x

and it is further

> **ORDERED**, that a docket entry shall be made in each of the above captioned Chapter 15 Cases substantially as follows:

>> An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 15 cases of OIC Run-Off Limited and The London and Overseas Insurance Company Limited. The docket in Case No. 15-13054 should be consulted for all matters affecting this case.

and it is further

> **ORDERED**, that the Motion is granted without notice to creditors; and it is further

> **ORDERED**, that service of this Order as provided in the Motion shall constitute adequate and sufficient service and notice.

Dated: New York, New York
       _____, 2015

                                              _____
                                              United States Bankruptcy Judge